**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MANUEL AMADO GONZALEZ ALDAZ,

Petitioner,

v. Case No. 1:26-cv-03045 KWR-DLM

WARDEN, *Torrance County Detention Facility*,
MARY DE ANDA-YBARRA, *Field Office Director, El Paso,*
*U.S. Immigration and Customs Enforcement,*
ACTING DIRECTOR*,*
*Immigration and Customs Enforcement,*
TODD BLANCHE, *U.S. Attorney General, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department*
*of Homeland Security*,

Respondents.

**ORDER DENYING HABEAS PETITION**

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (**Doc. 1**). Petitioner is a non-citizen who has been detained by ICE since January 28, 2026. Petitioner previously received a bond hearing pursuant to 8 U.S.C. § 1226(a). Bond was denied. Petitioner challenges that bond determination. He asserts that the failure to place the burden of proof on the Government violated his procedural due process rights. He also asserts that his prior bond determination is now stale, and his prolonged detention now violates due process. As explained below, Petitioner's Petition is not well-taken and therefore is **DENIED**. Petitioner has not demonstrated a violation of due process or that the length of his detention violates his due process rights or entitles him to immediate release.

**BACKGROUND**

Petitioner is a citizen of Mexico and is currently detained by ICE at the Torrance County Detention Center. Petitioner was detained by ICE on January 28, 2026. Thus, as of the entry of this order he has been detained for approximately eight months. He received a bond hearing before an immigration judge on March 10, 2026. He asserts that the immigration judge placed the burden of proof on him and found that he did not show he was not a danger to the community. But he also asserts that the immigration judge found he was a danger due to his DWI arrest. Doc. 1 at 7. Petitioner was ordered removed to Mexico on August 7, 2026. Petitioner appealed the removal order on August 24, 2026, and his appeal remains pending.

## DISCUSSION

Petitioner received a bond hearing under 8 U.S.C. § 1226(a) before an immigration judge. However, Petitioner appears to assert that the immigration judge's failure to switch the burden to the Government on flight risk and dangerousness violated procedural due process. He also asserts that his prior bond hearing is now stale, and he is entitled to release or another bond hearing under the due process clause because of his prolonged detention. The Court rejects both claims.

### I. To the extent Petitioner challenges the immigration judge's dangerousness decision, the Court lacks authority to reconsider that determination.

First, it appears that Petitioner challenges the dangerousness determination. Generally, the Court lacks jurisdiction to review a discretionary determination by an immigration judge in a bond decision. The release or bond decision by an immigration judge involves the weighing of evidence and is discretionary. § 1226(a); *Jennings v. Rodriguez,* 583 U.S. 281, 295 (2018). Discretionary bond decisions, such as the determination that a noncitizen is a flight risk or danger, are generally not reviewable by a federal district court. 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No

court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). "This provision precludes the Court from reviewing the IJ's decision that denied bond because Petitioner was a flight risk." *Mwangi v. Terry*, 465 F. App'x 784, 786–87 (10th Cir. 2012) ("Therefore, to the extent Mr. Mwangi challenges the agency's discretionary bond decision, the magistrate judge was correct that the court lacked jurisdiction.") (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)); *Jennings,* 583 U.S. at 295 (explaining that § 1226(e) bars a challenge to a discretionary judgment or decision by the Attorney General regarding detention or release but does not preclude challenges to the statutory framework); *see also Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) ("Although we lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision…"). Here, the immigration judge denied bond, reasoning that he is a danger. Petitioner asserts that he is neither a flight risk nor danger to the community. Doc. 1 at 13. He also asserts that his single pending misdemeanor charge does not demonstrate that he is a danger to the community. *Id.* The Court lacks authority to review the immigration judge's discretionary determination.

## II. <u>The immigration judge did not violate procedural due process by failing to place the burden of proof on the Government to show flight risk and dangerousness</u>.

Second, Petitioner asserts that his procedural due process rights were violated because the immigration judge failed to place the burden of proof on the Government to show flight risk and dangerousness. As this Court has previously explained in *Montero Cordova*, due process does not require that the burden be placed on the Government when a noncitizen is detained under § 1226(a). The Court adopts and incorporates herein its reasoning in *Montero Cordova v. Noem*, No. 1:26-CV-00526-KWR-DLM, 2026 WL 867689, at *12-15 (D.N.M. Mar. 30, 2026) and denies

Petitioner's due process claim based on burden-shifting. As explained in *Montero Cordova,* the *Mathews* factors do not warrant shifting the burden at any bond hearing to the Government under the circumstances of this case. And Petitioner does not establish that a due process violation requires the Court to place the burden on the Government at any bond hearing.

Section 1226(a), at issue here, does not mention the burden of proof. It states in part: "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Section 1226(a) gives Respondents discretion to detain, release on bond, or parole a noncitizen. Generally, the release or bond decision is discretionary. 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). The text of § 1226(a) does not place the burden on the Respondents to justify detention. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (noting that "[n]othing in § 1226's text ... supports the imposition" of "periodic bond hearings every six months in which the Attorney General must prove by clear and convincing evidence that the alien's continued detention is necessary").

Although the plain language of the statute fails to clarify who bears the burden, relevant regulations provide the following:

> Any officer authorized to issue a warrant of arrest may, in the officer's discretion, release an alien not described in section 236(c)(1) of the Act, under the conditions at section 236(a)(2) and (3) of the Act; provided that the alien must demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding.

8 C.F.R. §§ 236.1(c)(8), 1236.1(c)(8) (2026). The phrase "provided that the alien must demonstrate to the satisfaction of the officer" indicates that the noncitizen bears the burden. This interpretation aligns with BIA precedent that found that the burden is on the noncitizen. *See In re Guerra*, 24 I.

& N. Dec. 37, 40 (B.I.A. 2006) ("The burden is on the alien to show to the satisfaction of the Immigration Judge that he or she merits release on bond."); *see also In re Adeniji*, 22 I. & N. Dec. 1102, 1116 (B.I.A. 1999) ("Pursuant to 8 C.F.R. § 236.1(c)(8), the [noncitizen] must demonstrate that his release would not pose a danger to property or persons, and that he is likely to appear for any future proceedings."). Therefore, the regulations place the burden on the noncitizen.

The Supreme Court has touched on burden allocation under § 1226(a), but it has merely noted that the text does not indicate when each party should bear the burden. *See Jennings*, 583 U.S. at 306 (noting that "[n]othing in § 1226's text ... supports the imposition" of "periodic bond hearings every six months in which the Attorney General must prove by clear and convincing evidence that the alien's continued detention is necessary").

In analyzing a procedural due process claim the Court must examine the adequacy of the procedure to ensure that the deprivation meets the demands of the Constitution. *See Ky. Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989). In determining what process is due, the Court considers (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Petitioner received a bond hearing in this case. Therefore, at issue here is whether the due process clause requires that a petitioner who has already received a bond hearing under § 1226(a) be given an additional bond hearing with the burden shifted to Respondents. The Court concludes it does not.

The first *Mathews* factor considers the private interest at stake. Petitioner's basic interest in being free from detention is at stake. *See Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004) (finding

that freedom from detention is "the most elemental of liberty interests"). However, Petitioner has already received the procedures authorized by Congress, a bond hearing under § 1226(a) where an immigration judge concluded he was a danger. As explained above, § 1226(a) does not place the burden on the Government, and the regulations place the burden on the Petitioner. Overall, this factor weighs in his favor.

The second *Mathews* factor considers the risk of erroneous deprivation under the procedures used and the probable value of additional safeguards. Here, Petitioner received a bond hearing under § 1226(a), at which the immigration judge concluded he was a danger due to his pending DWI charge. Petitioner asserts that there is a risk of erroneous deprivation because evidence suggests he is neither a flight risk nor a danger.

Whether the Court would make the same detention decision is not at issue in this case. Petitioner already received the fundamental features of due process—notice and an opportunity to be heard. *See Mathews*, 424 U.S. at 333, 96 S.Ct. 893 ("The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.' " (citations omitted)). Moreover, a bond hearing under § 1226(a) is generally a sufficient process to mitigate the risk of erroneous deprivation. *See, e.g., Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022). Therefore, Petitioner has failed to carry his burden under the second factor to show a risk of erroneous deprivation of his rights.

The final *Mathews* factor considers the "Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. at 335. When considering the Government's interest, the Supreme Court has instructed that "it must weigh heavily in the balance that control over matters of immigration is a sovereign prerogative, largely within the control of the executive and the

legislature." *Landon v. Plasencia*, 459 U.S. 21, 34 (1982). Detention has been deemed a valid part of sovereign prerogative "necessary to give effect to the provisions for the exclusion or expulsion of aliens." *Wong Wing v. United States*, 163 U.S. 228, 235 (1896). The Court recognizes that "[o]ver no conceivable subject is the legislative power of Congress more complete." *Reno v. Flores*, 507 U.S. 292, 305 (citation modified). Thus, the Government's interest in enforcing its immigration policies is considerable.

Here, Petitioner does not fully analyze the third factor. Although the fiscal and administrative burdens of a burden-shifting requirement would likely be minimal, the legislature's silence on a burden-shifting requirement indicates that any judicially imposed burden-shifting requirement here would be displacing a congressional policy choice that the burden remain with Petitioner. *See E.M.D. Sales, Inc. v. Carrera*, 604 U.S. 45, 52 (2025) ("Statutory silence is generally 'inconsistent with the view that Congress intended to require a special, heightened standard of proof.' " (quoting *Grogan v. Garner*, 498 U.S. 279, 286 (1991))). Thus, the significant weight afforded to the executive and legislature over immigration matters renders the third *Mathews* factor favorable to Respondents. Respondents also have a strong interest in detention while the removal proceedings are pending. *Miranda v. Garland*, 34 F.4th 338, 364-65 (4th Cir. 2022). Removal proceedings "would be vain if those accused could not be held in custody pending the inquiry into their true character." *Wong Wing v. United States*, 163 U.S. 228 (1896). Thus, the Respondents' interest here is strong.

Balancing the *Mathews* factors, the Court concludes that Petitioner is not entitled to an additional bond hearing where the Respondents bear the burden of showing he is a flight risk or danger. In sum, Petitioner has not argued or demonstrated a risk of erroneous deprivation if the burden of proof were not shifted to Respondents at a bond hearing. Moreover, he did not account

for the Respondents' substantial interest in detention pending removal proceedings. Considering the *Mathews* factors and Petitioner's arguments, the Court concludes that Petitioner has not demonstrated that he is entitled to burden-shifting at an additional bond hearing.

The Court notes that some persuasive cases are in line with the Court's reasoning, although there appears to be a circuit split on this issue. The Second Circuit held that detainees are entitled to an additional bond hearing with burden-shifting after their detention becomes prolonged. *Velasco Lopez v. Decker*, 978 F.3d 842, 854 (2d Cir. 2020). Similarly, the First Circuit concluded that, where a party received a bond hearing under § 1226(a), the district court did not err in ordering an additional bond hearing with the burden shifted to the Government to show dangerousness. In deciding that burden-shifting was necessary, the First Circuit noted the risk of lengthy or prolonged detention under § 1226(a) while a decision on removal is pending. *Hernandez-Lara v. Lyons*, 10 F.4th 19, 29–30 (1st Cir. 2021). Thus, the First Circuit affirmed the district court's order for a new bond hearing where the Government bore the burden of proof.

On the other hand, the Third and Ninth Circuits found that due process or § 1226(a) did not entitle the petitioner to an additional bond hearing with a shifted burden after detention becomes prolonged. *See Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213–14 (9th Cir. 2022). Similarly, where a noncitizen already received a bond hearing under § 1226(a), the Fourth Circuit in *Miranda* reversed a district court's decision to order an additional bond hearing with the burden placed on the Government. *Miranda v. Garland*, 34 F.4th 338, 350 (4th Cir. 2022).

The Court agrees with the Third, Fourth, and Ninth Circuits, as explained in the balancing of the *Mathews* factors above. Despite the circuit split, the balancing of the *Mathews* factors is

fact-specific, and in this case the *Mathews* factors do not favor ordering an additional bond hearing where the burden is shifted to Respondents.

**III** **<u>Petitioner's detention is not prolonged in violation of due process</u>.**

Petitioner also asserts that his prior bond hearing is now stale and he should receive additional process. It is unclear whether Petitioner asserts a procedural or substantive due process claim. Petitioner was detained on January 28, 2026. He received a bond hearing on March 10, 2026. He was ordered removed on August 7, 2026 and his appeal of his removal order remains pending. Petitioner received the remedy for prolonged detention, a bond hearing under § 1226(a). Petitioner has not carried his burden to show that his detention is prolonged and violates due process, or that he is entitled to another hearing at this time or release. The Third and Ninth Circuits found that § 1226(a) did not entitle the petitioner to an *additional* bond hearing after detention becomes prolonged. *See Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213–14 (9th Cir. 2022).[1] Here, Petitioner received a bond hearing approximately six months ago, and therefore he has received the remedy for prolonged detention. Petitioner has not demonstrated that he is entitled to release. Notably, in the cases above the remedy contemplated was an additional bond hearing. Alternatively, the Court would follow *Borbot* and *Rodriguez* and conclude he is not entitled to additional process at this time.

Petitioner does not expressly assert that his prolonged detention violates substantive due process. However, he asserts that his detention is no longer necessary or is excessive. Petitioner has substantive due process rights. *Rodriguez-Fernandez v. Wilkinson*, 654 F.2d 1382, 1387 (10th

---

[1] The Court notes that these decisions were fact-dependent, and the opinions generally did not rule out finding prolonged detention under different factual circumstances.

Cir. 1981) ("[A]n excluded alien in physical custody within the United States may not be 'punished' without being accorded the substantive ... due process guarantees of the Fifth Amendment."). Respondents may violate a noncitizen's substantive due process rights if immigration detention becomes punitive. *Id.* Nevertheless, "the mere fact that a person is detained does not inexorably lead to the conclusion that the government has imposed punishment." *United States v. Salerno*, 481 U.S. 739, 746 (1987). A restriction on liberty is punitive rather than regulatory if (a) the government intends to impose punishment, or (b) the restriction is not rationally related to a legitimate nonpunitive governmental purpose or is excessive in relation to that purpose. *Id.* at 747.

In an unpublished decision, the Tenth Circuit held that a noncitizen detained for more than three years pending a decision on removal proceedings under § 1226(a) was not entitled to relief for indefinite detention under *Zadvydas*. *See Mwangi v. Terry*, 465 F. App'x 784, 787 (10th Cir. 2012). It reasoned that the end of his detention remained reasonably forseeable because he was detained pending a decision on whether he was to be removed from the United States, and there was nothing in the record to suggest that the petitioner was unremovable. *Id.* Similarly, in a published case the Tenth Circuit rejected the application of *Zadvydas* to a petitioner who had a removal order with an appeal pending, explaining as follows:

> But for now, his detention is clearly neither indefinite nor potentially permanent like the detention held improper in *Zadvydas;* it is, rather, directly associated with a judicial review process that has a definite and evidently impending termination point, and, thus, is more akin to detention during the administrative review process, which was upheld in *Demore v. Kim,* 538 U.S. 510, 527–29, 531, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process.").

*Soberanes v. Comfort*, 388 F.3d 1305, 1311 (10th Cir. 2004). Petitioner has not demonstrated that his detention is indefinite or his appeal of his removal order will not be processed.

Here, Petitioner has been detained for approximately eight months, but he does not present any facts suggesting that a decision on his removal will not occur, or that his detention is punitive. Petitioner was detained on January 28, 2026. He received a bond hearing on March 10, 2026. He was ordered removed on August 7, 2026 and his appeal of his removal order remains pending. Petitioner has not argued or presented evidence that his removal proceedings will not be adjudicated or processed. Therefore, it is clear that Petitioner is being detained pending a decision on his removal, not to merely punish him. Moreover, his detention is rationally related to the legitimate governmental purpose of adjudicating his removal and ultimately removing him from the country. He is not being mandatorily detained. Rather, an immigration judge decided he should be detained as he is a danger. Petitioner does not demonstrate how his detention is excessive in relation to its purpose. Based on the arguments and record before the Court, the Court declines to find that Petitioner's substantive due process rights have been violated based on the length of his detention pending a decision on his removal proceedings. Therefore, Petitioner's substantive due process claim fails.

**IT IS THEREFORE ORDERED** that Petitioner's Petition (Doc. 1) is hereby **DENIED.**

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE